# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-3481

_____

Michael G. Vogt

*Plaintiff - Appellee*

v.

State Farm Life Insurance Company

*Defendant - Appellant*

_____

No. 21-1370

_____

Michael G. Vogt

*Plaintiff - Appellee*

v.

State Farm Life Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 23, 2021
Filed: December 8, 2021

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Following this Court's previous opinion in Vogt v. State Farm Life Insurance Co., 963 F.3d 753 (8th Cir. 2020), which affirmed the award of a $34.3 million jury verdict in favor of the class represented by Michael Vogt and reversed the district court's denial of prejudgment interest, we remanded the matter for the district court to reconsider Vogt's motion for prejudgment interest consistent with our opinion. After a hearing, the district court[1] awarded $4,521,674.38 in prejudgment interest. Despite the directive in our previous opinion stating that Vogt was entitled to prejudgment interest, State Farm Life Insurance Company (State Farm) appeals, asserting that the district court erred in awarding prejudgment interest. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

As detailed in our previous decision, Michael Vogt is the named plaintiff for a roughly 25,000 member class who alleged breach of contract and conversion claims against State Farm related to State Farm's collection of cost of insurance (COI) fees from life insurance policyholders. Vogt alleged that State Farm impermissibly collected COI fees based on factors that were not enumerated in the policy language. Following a jury trial and a $34.3 million verdict in favor of Vogt, State Farm appealed, raising numerous claims as to why the jury verdict should be overturned. Vogt filed a cross-appeal, arguing that the district court erroneously denied the class an award of prejudgment interest on the jury award. We affirmed the verdict in all respects, rejecting each of State Farm's meritless arguments, but reversed the district court's denial of Vogt's motion for prejudgment interest, concluding that, while Vogt was not entitled to prejudgment interest at the rate

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

contained in a Missouri statute, Mo. Rev. Stat. § 408.020, he was entitled to prejudgment interest at the 4% interest rate contained in the policy.

In reversing the district court's denial of prejudgment interest, we expressly stated that "Vogt is entitled to prejudgment interest at the 4% rate contained in the contract." Vogt, 963 F.3d at 776. On remand, the district court held a hearing to calculate the award of prejudgment interest. At this hearing, State Farm asserted that Vogt was not entitled to prejudgment interest because the damages were not liquidated, as required for an award of prejudgment interest, and our previous decision did not make a finding that the damages were liquidated. State Farm also argued that prejudgment interest could not be awarded where the general verdict did not differentiate between the contract claim, to which prejudgment interest may be awarded, and the conversion claim, to which prejudgment interest may generally not be awarded. State Farm finally argued that class members who still held their policies as of December 1, 2017—the final date for which State Farm produced policy data and the cut-off date for which Vogt's expert calculated damages—were not entitled to prejudgment interest because the damages model selected by the jury already included interest at the contractual rate for these class members and an award of prejudgment interest to these class members would amount to a double recovery.

The district court rejected each of these arguments, concluding that our statement that "Vogt is entitled to prejudgment interest at the 4% rate contained in the contract" conclusively resolved the issue of liquidated damages, or, in the alternative, damages were readily determinable and thus liquidated; Vogt's success on the conversion claim, for which he was not entitled to prejudgment interest, did not affect entitlement to prejudgment interest on the contract claim; and policyholders as of the last date for which State Farm produced policy data were entitled to prejudgment interest because it was undisputed that the jury award did not include any interest for the period after the cut-off date, and thus there would be no double recovery. The district court then adopted the prejudgment interest calculation presented by Vogt's expert and entered an award of prejudgment interest in the amount of $4,521,674.38. State Farm appeals.

## II.

State Farm asserts that the district court erred in awarding prejudgment interest, raising the same three issues that it argued before the district court. "'We review the district court's ruling on prejudgment interest for an abuse of discretion.' However, the question of '[w]hether the district court had the authority to grant prejudgment interest is a question of state law which we review de novo.'" Child.'s Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 868 (8th Cir. 2004) (alteration in original) (citations omitted). State Farm's primary challenge in its second appeal concerns whether damages were liquidated, which is a prerequisite under Missouri law for an award of prejudgment interest. See Macheca Transp. Co. v. Phila. Indem. Ins. Co., 737 F.3d 1188, 1196 (8th Cir. 2013). State Farm asserts that our previous decision did not decide whether the damages were liquidated, and, on remand, the district court erroneously concluded both that this Court decided the issue and that, in the alternative, damages were liquidated.

"When an appellate court remands a case to the district court for further proceedings consistent with the appellate decision, all issues the appellate court decides become the law of the case." Marshall v. Anderson Excavating & Wrecking Co., 8 F.4th 700, 711 (8th Cir. 2021) (citation omitted). Known as the "law-of-the-case doctrine," this rule dictates that "courts must 'follow decisions made in earlier proceedings to prevent the relitigation of settled issues in a case, thereby protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency.'" Id. (citation omitted).

In framing the issue raised by Vogt in the previous appeal, we stated the following:

> On cross-appeal, Vogt asserts that the district court erred by denying prejudgment interest, arguing that a Missouri statute mandates prejudgment interest on liquidated claims for breach of contract, which is the type of claim the class pursued, and that the same statute applies to conversion claims. Vogt contends that the district court erroneously

determined that the policy precluded the award of prejudgment interest at the statutory rate, and, at the very least, should have awarded prejudgment interest by utilizing the 4% rate included in the policy.

Vogt, 963 F.3d at 775.  We then recognized that an award of prejudgment interest was contingent upon the existence of liquidated damages.  We first concluded that the district court did not err in denying prejudgment interest at the statutory rate because the parties had agreed to a different interest rate in the policy.  We next concluded that the district court should have awarded prejudgment interest at the 4% policy rate, stating that "[a]lthough we conclude the district court correctly denied Vogt's request for prejudgment interest at the statutory rate, *Vogt is entitled to prejudgment interest* at the 4% rate contained in the contract." Id. at 776 (emphasis added).  Thus, our recognition that an award of prejudgment interest required the presence of liquidated damages, coupled with our statement that Vogt is entitled to prejudgment interest, conclusively determined that the damages were liquidated.  Indeed, as the district court noted, to conclude that we did not resolve the issue of liquidated damages would contradict our express statement that Vogt is entitled to prejudgment interest.

Given the foregoing, we are simply unpersuaded by State Farm's argument that the previous panel opinion left open the question of whether the damages were liquidated.  Our determination that Vogt is entitled to prejudgment interest bound the district court on remand just as it binds us on this second appeal.  See Marshall, 8 F.4th at 711.  Because we conclude that the prior opinion addressed whether the damages were liquidated, we need not review the district court's alternative analysis.  Further, we are also unpersuaded by State Farm's remaining arguments regarding the general jury verdict and the current policyholders as of the cut-off date.  We adopt the thorough reasoning of the district court in rejecting these claims and conclude that the district court did not err in awarding $4,521,674.38 in prejudgment interest to Vogt.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____